# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REDPRAIRIE CORPORATION,**

        Plaintiff,

        v.                                 Case No. 05-C-1072

**JEROME'S FURNITURE WAREHOUSE,**

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 7, 2005, RedPrairie Corporation ("RedPrairie") filed a complaint alleging that Jerome's Furniture Warehouse ("Jerome's") breached a contract regarding payment for software that RedPrairie created for Jerome's. In addition to the breach of contract cause of action, RedPrairie alleged unjust enrichment. On November 28, 2005, Jerome's answered the complaint and filed a counterclaim for intentional misrepresentation, strict misrepresentation, breach of contract, breach of an oral contract, breach of the covenant of good faith, and rescission. This case was randomly assigned to this court and the parties have consented to the full jurisdiction of a magistrate judge.

On April 10, 2006, RedPrairie filed a motion to amend its complaint to add a third cause of action for tortious interference with current and prospective business relationships, which the court granted on April 19, 2006. On February 16, 2007, Jerome's and RedPrairie both filed motions for summary judgment. On February 27, 2007, the parties filed a stipulation seeking the dismissal of Jerome's causes of action for breach of contract, breach of an oral contract, and breach of the covenant of good faith, which the court granted. On September 26, 2007, this court granted in part

and denied in part each of the parties' motions for summary judgment. The court granted RedPrairie's motion regarding the existence of a contract. The court determined that the Software License Agreement ("SLA") was a valid contract that was binding upon the parties, and Jerome's breached the contract by prematurely and unilaterally terminating it without complying with the contract's termination provisions. Further, the court granted RedPrairie's motion regarding dismissal of Jerome's tort claims for misrepresentation. However, there is a dispute of material fact regarding damages, and therefore, RedPrairie's motion for summary judgment with respect to damages under the contract was denied. The court further denied Jerome's motion for summary judgment based upon its argument that no contract was formed and denied Jerome's motion for summary judgment as to RedPrairie's unjust enrichment claim. However, the court granted Jerome's motion for summary judgment as to RedPrairie's tortious inference claims.

Jerome's has now filed a motion requesting the court to reconsider its granting of RedPrairie's motion for summary judgment with respect to Jerome's counterclaims for misrepresentation. The court granted RedPrairie's motion for summary judgment on the basis Jerome's misrepresentation claims were barred by the SLA's integration clause, which stated, "THERE ARE NO REPRESENTATIONS, PROMISES, WARRANTIES OR UNDERSTANDINGS RELIED UPON BY CUSTOMER THAT ARE NOT CONTAINED HEREIN." (Docket No. 80-13 at 10, ¶15.1.)

Jerome's now argues that the integration clause did not bar its claims for fraud in the inducement, and thus it should be permitted to proceed on these claims. Jerome's acknowledges that the distinction between fraud in the inducement and its general fraud claim was not raised in the prior pleadings and therefore not briefed by the parties. RedPrairie responds by arguing that the integration clause does bar Jerome's claims or alternatively, that Jerome's waived any argument

that it attempts to make now.  Red Prairie also contends that Jerome's should be precluded from using reconsideration as a means of raising additional arguments.

First, a word about reconsideration as a procedural device in an effort to have the court review a prior ruling.

> Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." <u>Hope v. United States</u>, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). <u>See also</u> <u>Talano v. Northwestern Medical Faculty Foundation, Inc.</u>, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." <u>Ahmed v. Ashcroft</u>, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In <u>Frietsch v. Refco, Inc.</u>, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:
>
>> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828.
>
> <u>See also</u> <u>Oto v. Metropolitan Life Insurance Company</u>, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); <u>Divane v. Krull Electric Company</u>, 194 F.3d 845, 850 (7th Cir. 1999); <u>LB Credit Corporation v. Resolution Trust Corporation</u>, 49 F.3d 1263, 1267 (7th Cir. 1995). The court has the inherent power to reconsider interlocutory orders. <u>See</u> <u>Fisher v. National Railroad Passenger Corporation</u>, 152 F.R.D. 145, 149 (S.D. Ind. 1993) ("The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order.")

<u>Day v. Hill</u>, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Brunker v. Schwan's Food Serv.</u>, 2006 U.S. Dist. LEXIS

3

41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)).

Turning to the merits of Jerome's motion for reconsideration, the court shall not address RedPrairie's position regarding waiver because, even if this court were to find that Jerome's did not waive its present argument by failing to present it in its summary judgment pleadings, the court nonetheless finds that the SLA's integration clause bars Jerome's claims for fraud in the inducement.

In Peterson v. Cornerstone Prop. Dev., LLC, 2006 WI App 132, 294 Wis. 2d 800, 720 N.W.2d 716, the court of appeals held that an integration clause precluded a condominium purchaser from pursuing a claim for fraud in the inducement. The court noted

> three different provisions expressed that all prior negotiations were excluded and that only the text of the written documents constituted the contract: "This Offer, including any amendments to it, contains the entire agreement of the Buyer and Seller regarding the transaction. All prior negotiations and discussion have been merged into this Offer"; "Seller has made no representations other than written in this offer and attached documents concerning the property"; and finally:
>
>> The Buyer acknowledges, subject to the Limited Warranty contained in Exhibit E ... (c) other than those written representations concerning the condition of the Property contained in the Condominium Offer to purchase, including the Exhibits annexed thereto, she has not relied on any representations made by the Seller in entering into the Condominium Offer to Purchase ….

Id. at ¶37.

The court continued and stated that "the integration clause here specifically disclaims the purchaser's right to rely on any alleged fraudulent misrepresentations," and therefore the court said, "With an integration clause, worded as clearly and unmistakably as the one in question, we see no reason not to give the integration clause its intended effect." Id.

4

Jerome's and RedPrairie are both sophisticated parties that entered into the SLA after several weeks of negotiation, during which both parties were represented by counsel. Under these circumstances, the court finds no reason not to give the integration clause its bargained-for effect. See id. at ¶40 n. 10 ("If one party to a contract with a disclaimer, integration clause, or similar provision lacks the sophistication in business matters or possesses unequal bargaining power, this provides a basis for voiding that clause." (citing Finch v. Southside Lincoln-Mercury, Inc., 2004 WI App 110, P22, 274 Wis. 2d 719, 685 N.W.2d 154)). Like the clauses at issue in Peterson, the present integration clause clearly disclaims Jerome's ability to rely upon any and all alleged fraudulent misrepresentations, whether in the inducement or thereafter. Therefore, the court shall deny Jerome's motion for reconsideration.

SO ORDERED.

Dated at Milwaukee, Wisconsin this 19th day of November, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge