# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REDPRAIRIE CORPORATION,**

    Plaintiff,

    v.          Case No. 05-C-1072

**JEROME'S FURNITURE WAREHOUSE,**

    Defendant.

## ORDER

Following this court's June 9, 2008 order, Jerome's filed an expedited non-dispositive motion pursuant to Civil L.R. 7.4, seeking clarification or reconsideration of one aspect of this court's prior ruling. (Docket No. 198.) Specifically, the court granted RedPrairie's motion in limine to exclude Jerome's from introducing the testimony of certain RedPrairie employees based upon RedPrairie's representation that none of these employees would offer any testimony that is relevant to the question of RedPrairie's damages. Jerome's now counters that these employees will, in fact, offer testimony that is relevant to the question of damages. RedPrairie has responded. (Docket No. 200.)

The court hereby clarifies its prior order: To the extent that these employees' deposition testimony is relevant to the question of damages, the court shall permit this testimony. RedPrairie's evidentiary objections based upon relevance, or any other grounds shall be addressed at trial.

Jerome's has also designated the portions of deposition transcripts it intends to introduce at trial. (Docket No. 202.) Jerome's has designated the depositions of four witnesses totaling 170 pages. (Docket Nos. 202-2 – 202-5.) RedPrairie has moved to strike Jerome's designated transcripts

on the basis that Jerome's exceeded the 5 page limit set forth in Civil L.R. 16.3(a)(6) without demonstrating good cause. (Docket No. 204.) Jerome's responds that it was under the impression that it had already demonstrated good cause at the Final Pretrial Conference. (Docket No. 206.)

At the pretrial conference, Jerome's stated that it would be seeking to exceed the 5 page limit because additional deposition testimony was necessary if the court were to allow testimony into the interpretation of ¶13.3. (See audio recording of Final Pretrial Conference, June 2, 2008 at 10:05:30). Jerome's made no representation that any cause existed to exceed the five page limit if the court limited the issue to trial to solely damages, and therefore, the court never determined that good cause existed to exceed the 5 page limit if the court rejected the Jerome's contention with respect to ¶13.3.

By designating deposition transcripts in excess of 5 pages without demonstrating good cause, Jerome's violated Civil L.R. 16.3(a)(6). However, having reviewed the deposition transcripts, the court finds good cause to permit Jerome's to designate these transcripts in excess of the limit established by the Local Rules. Therefore, RedPrairie's motion to strike, (Docket No. 204), is **denied**. Any objection to these transcripts that RedPrairie may have based upon relevance or any other basis should be raised at trial.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 18th day of June, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
